# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CURLIE JEFFERSON, JR.,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:05-CR-331-RDP-PWG |
| } | |
| **UNITED STATES OF AMERICA ,** } | |
| } | |
| Respondent. } | |

### MEMORANDUM OF DECISION REGARDING MOTION FOR MODIFICATION AND/OR REDUCTION OF SENTENCE

This case is before the court on Petitioner's Motion to Reduce Sentence and Time to Serve in Prison. (Doc. #24). Petitioner files his motion requesting that this court modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). The Government filed a Response (Doc. #26) wherein it agrees to a modification of Petitioner's sentence on Count One under 18 U.S.C. § 3582(c)(2). For the reasons stated herein, the court concludes that Petitioner's motion for reduction of sentence is due to be granted as to Count One.[1]

**I.     Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants

---

[1]The Amendment is not applicable to Count Two – the gun count with a 31-month sentence.

convicted of crack cocaine offenses as opposed to powder cocaine offenses. *See* United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (the "2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines). In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007. The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement"). Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new. All of this was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.     Analysis**

With that background, the court now turns to the current motion (Doc. #24) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 62-month sentence imposed upon him on May 10, 2006. On September 20, 2005, Petitioner pled guilty to one charge of violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) as contained in Count One of the indictment, and one charge of violating Title 18, United States Code, Section 924(c)(1)(A)(i) as contained in Count Two of the indictment. On May 10, 2006, Petitioner was sentenced to the custody of the Bureau of Prisons for a term of 31 months as to Count One, and 31 months to be served consecutively as to Count Two, for a total of 62 months.

Petitioner's original total offense level was 25, which when combined with a criminal history category of II, resulted in a guideline range of imprisonment of 63 to 78 months. Based on the application of a motion for departure, and pursuant to 18 U.S.C. § 3553(e), the court granted a departure to a new guideline range of 18. When combined with a criminal history category of II, the new guideline range of imprisonment became 30 to 37 months as to Count One. As a result of the departure, the original term of imprisonment imposed by the court was less than the guideline range applicable to Petitioner at the time of sentencing. As such, the reduced sentence Petitioner received is comparably less than the amended guideline range. Petitioner argues that the court was required to treat the guidelines as mandatory, under the controlling law at the time of sentencing. Because the court sentenced Petitioner on May 12, 2006, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), it had the discretion to sentence Petitioner below the recommended guideline range at that time.

When the court originally sentenced Petitioner, it departed approximately 50% from the bottom of the range. Pursuant to U.S.S.G. § 5G1.1., the mandatory minimum sentence now applicable to Petitioner is at the bottom of the new range. A comparable departure from the bottom

of the new range consequently results in a sentence of 30 months as to Count One. After considering the sentencing factors at 18 U.S.C. § 3553(a), the court concludes that a sentence of 30 months as to Count One is reasonable and sufficient. U.S.S.G. § 1B1.10(b)(2)(B).

The following chart sets forth the application of the Crack Amendment and the Amended Policy Statement to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 25 | 23 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 63 to 78 months | 60 to 63 months |

### III. Decision

Petitioner's Motion to Reduce Sentence and Time to Serve in Prison is due to be granted as to Count One. As the Amendment is not applicable to Count Two–the gun count, Petitioner's motion to reduce sentence and time to serve in prison as to Count Two is due to be denied. A separate order will be entered in accordance with the court's decision.

### IV. Notice of Appeal Rights

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed. *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the

denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

    **DONE** and **ORDERED** this \_\_\_\_17th\_\_\_\_ day of November, 2009.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE